In re Russell H. COOK, Debtor.

APPLIANCE BUYERS CREDIT CORP., Plaintiff,

v.

Russell H. COOK, Defendant.

Bankruptcy No. 38200168.
Adv. No. 3820106.

United States Bankruptcy Court, W.D. Kentucky.

June 17, 1983.

Gilbert Hale Nutt, Louisville, Ky., for debtor.

Steven S. Crone, Louisville, Ky., for plaintiff.

Russell H. Cook, pro se.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Russell Cook was engaged in the business of heating and air conditioning installation and repair for 20 years, always paying cash to his suppliers, until his wife entered the business as a partner in the spring of 1980.

At her behest he branched out into retail sales of home appliances, dealing with the supplier which is the plaintiff in this action under a floor-planning credit arrangement. Cook ordered merchandise as it was needed; Mrs. Cook kept the books and records and paid the bills, or at least some of them.

In November of 1980 Mrs. Cook, immediately after having been caught in flagrante delicto with a young man who had been a friend of her sons, cleaned out the business bank account over which she had signature control and left town, taking with her $2,800.00 and the boy. She also left, needless to say, the bill of $5,434.00 to this plaintiff unpaid. Cook closed the store. Russell Cook filed bankruptcy in January, 1982, scheduling the debt to Appliance Buyers Credit Corporation. The latter entity thereupon promptly filed a nondischargeability action, seeking to have the obligation owed it placed beyond the statutory absolution of bankruptcy.

The central allegation of the complaint is that Cook converted to his own use the inventory in which Appliance Buyers retained a security interest. It is alternatively pleaded that Cook was guilty of fraud or embezzlement or breach of a fiduciary duty, all of which are proscribed by 11 U.S.C. § 523(a)(4), although that allegation was pursued neither in the pleadings nor at the trial.

\*    \*    \*

The foregoing facts are taken from the pleadings, depositions and a transcript of

the trial. Under cross examination, Cook, visibly distraught in remembering the failure of both his marriage and his business, aptly summarized the reason for his bankruptcy:

"I ran a very loose operation as far as business management was concerned. I was more concerned with trying to build the business. I was working 12 to 15 hours a day, even Sundays, and I did this for probably a year or close to a year, and as far as I knew, she was paying the bills, and I think probably she did until just right there at the last." [1]

That statement, in our view, defines the outer limit of Cook's culpability. It was the "very loose operation," in more than one sense, that resulted in this small business collapse, not fraud or any other actionable intent on Cook's part. Upon the fragility of the marital-business partnership we need not further reflect, other than to say that the results of its weaknesses—which include the nondischargeability of resulting debt— cannot be ascribed alone to this single, now bankrupt, former partner.

The testimony leads us to believe that if any conversion occurred in this case, it was accomplished at the hands of the former wife, whose whereabouts are unknown.

In nondischargeability actions of this sort the Court, acting as trier of fact, bases its judgment primarily on the factual testimony as elicited at the trial and on the credibility and demeanor of the witnesses. Those observations are not easily described in written language, but they are accorded substantial weight on appellate review and will not be disturbed unless clearly erroneous. Both the "clearly erroneous" rule and the view that the right to a bankruptcy discharge is to be liberally construed are so firmly imbedded in bankruptcy doctrine as to require no extensive citations of authority.

Upon the foregoing findings of fact and conclusions of law, it is hereby ORDERED that the debt of Russell Cook to Appliance Buyers Credit Corporation is dischargeable in bankruptcy. An appropriate judgment in favor of the defendant will be entered today.

---

1. Transcript of trial, at p. 15. Cook's review of the checkbooks after his wife's departure revealed that she had been giving company money to her young companion.